[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Dawn Hatcher appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for a two year period. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after being arrested for driving under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendant commissioner.
The sole basis of the plaintiff's appeal is that the commissioner considered the plaintiff's prior driving record in determining the length of the suspension. It is undisputed that the hearing officer did not present evidence of the plaintiff's prior record at the hearing, and the history is not contained in the administrative record.
Prior to the administrative hearing, the department notified the plaintiff that it proposed to suspend her license for two years, based on her driving history.
At the administrative hearing, the plaintiff offered no evidence to contest the statements in the police report, which provided sufficient substantial evidence to support the hearing officer's determinations on the four issues specified in § 14-227b. More significantly, although she objected to the hearing officer using her prior driving history as the basis for a two year suspension pursuant to General Statutes § 14-227b(h)(3), she did not present any evidence as to that history nor any evidence that the records of the department were in error. Indeed, even in her briefs to the court, she does not suggest that the department's records are erroneous.
In Yarington v. Kozlowski, Superior Court, judicial district of Waterbury, Docket No. 012 59 87 (January 5, CT Page 7687 1996, Kulawiz, J.), cited by the defendant commissioner, the court held, under virtually identical circumstances, that "the Commissioner was entitled to consider the plaintiff's driving history despite the fact that it was never introduced into the record," citing Balch Pontiac-Buickv. Commissioner of Motor Vehicles, 165 Conn. 559, 567 (1973). This court adopts the reasoning of the court in Yarington.
The appeal is dismissed.
MALONEY, J.